IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, § | | |
| ID # 065808, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:25-CV-1618-E-BW | |
| § | | |
| NAVARRO COUNTY, § | | |
| Respondent. § | Referred to U.S. Magistrate Judge[1] | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on July 14, 2025. (Dkt. No. 5.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for failure to exhaust state remedies.

## I. BACKGROUND

Richard James Johnson, a state pretrial detainee incarcerated at the Navarro County Jail in Corsicana, Texas, brings this habeas action under 28 U.S.C. § 2241 to challenge his pretrial detention. (*See* Dkt. No. 5 at 2.) The petition names Navarro County as the respondent. (*Id.* at 1.)

Johnson's petition raises the following grounds:

(1) Denial of right to speedy trial;

(2) Denial of right to self-representation;

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

  (3) No evidence/insufficient evidence; and

  (4) Racial profiling—vindictive prosecution no hearings on these pretrial motions.

(*Id.* at 5-6 (capitalization altered).)  He "seeks an order enforcing his rights to speedy trial and self-representation and an order for the trial court to hold hearings on racial profiling/vindictive prosecution." (*Id.* at 7.)

## II.  EXHAUSTION

Because § 2241 "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case,]'" it is the proper vehicle for seeking habeas relief from pretrial detention. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (quoting *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  For a pretrial detainee to be eligible for relief under § 2241, he "must have exhausted his available state remedies" before seeking federal habeas relief.  *Dickerson*, 816 F.2d at 224.  This exhaustion requirement "was judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Curtis v. Garza Cty. Jail*, No. 5:18-CV-00205-M-BQ, 2019 WL 5698802, at *1 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).

Exhaustion requires that a petitioner "present his claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In Texas, a prisoner must present his claims to the Texas Court

of Criminal Appeals ("TCCA"). *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). To challenge his pretrial detention, a detainee "must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure." *Curtis*, 2019 WL 5698802, at *2 (citing Tex. Code Crim. P. art. 11.08 (West 2008) and *Cotton v. Jefferson Cty.*, No. 1:13CV267, 2013 WL 3367299, at *2 (E.D. Tex. July 3, 2013)). After the trial court has ruled on the application, the detainee may then seek review by "'direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals).'" *Id.* (quoting *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ)). Exhaustion may be excused "only in those 'rare cases' where [the petitioner] can show 'exceptional circumstances of peculiar urgency' so impinge upon his due process rights that immediate federal court interference is mandated." *Hughes v. Ryan*, No. 2:18-CV-177-D, 2018 WL 6729654, at *1 (N.D. Tex. Nov. 16, 2018), *rec. adopted*, 2018 WL 6726550 (N.D. Tex. Dec. 21, 2018).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997). It may dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by a petitioner before those claims are heard in federal court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Johnson indicates in his petition that he pursued to completion all state remedies relevant to his claims before filing this federal habeas action. (*See* Dkt. No. 5 at 2.) The state remedies he identifies, however, consist of speedy trial and self-representation motions filed in the state trial court and a mandamus petition filed in the TCCA, and he indicates that there have been no rulings on any of them. (*See id.*) A review of the state trial court docket and available public records shows that Johnson has not filed an Article 11.08 habeas petition in the state trial court, much less that he appealed any unfavorable ruling on same and sought discretionary review by the TCCA. *See* Case Search, http://search.txcourts.gov (last visited July 21, 2025). Because Johnson has not presented his habeas claims to the TCCA in a procedurally correct manner, the highest court of the state has not had an opportunity to review them. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (holding that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings").

Further, Johnson has not alleged or shown any "exceptional circumstances of peculiar urgency" to excuse the exhaustion requirement. *Hughes*, 2018 WL 6729654, at *1. He therefore is not entitled to habeas relief under § 2241 based on a failure to exhaust his available state remedies, and the Court should dismiss his amended § 2241 petition.

## III.  RECOMMENDATION

The Court should **DISMISS** the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on July 14, 2025 (Dkt. No. 5), without prejudice for failure to exhaust state remedies.

**SO RECOMMENDED** on July 21, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).